UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:22-cv-00014-FDW
(3:20-cr-00105-FDW-DCK-1)

| | |
|---|---|
| **DAKOTA REESE DAVIS,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| **US MARSHALS, et al.,** ) | |
| ) | |
| Respondents. ) | |
| _____) | |

**THIS MATTER** is before the Court on Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Docs. 1, 4], Petitioner's motion to proceed in forma pauperis [Doc. 3], and Petitioner's motion for recusal of the undersigned [Doc. 5].

On January 11, 2022, Petitioner Dakota Reese Davis ("Petitioner") filed the instant Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. [Doc. 1]. Petitioner, at the time of filing the petition, alleged that he was being held at Mecklenburg County Jail (the "Jail") as a pretrial detainee on orders by federal and state authorities. [Id. at 1]. In his petition, Petitioner challenges decisions or actions of this Court in Criminal Case No. 3:20-cr-00105-FDW ("CR").[1] [Id. at 2]. Petitioner states seven grounds for relief in his petition, summarized as follows: (1) "[t]he Complaint/Information fails to charge an offense against the laws of the United States;" (2) the Court "is without subject-matter jurisdiction under 18 U.S.C. § 3231;" (3) the criminal statutes "exceed the power of Congress as applied to [Petitioner's] conduct" because the charged crimes "did NOT occur on [federal] land;" (4) "[j]urisdictional questions have never been properly

---

[1] Petitioner also references Criminal Case No. 3:20-mj-00058-DCK, which was terminated on March 18, 2020 and merged with Case No. 3:20-cr-105.

explained clearly to the [Petitioner];" (5) the Jail officials failed to provide Plaintiff with his medically required mechanical diet; (6) the Court's pretrial detention of Petitioner, which negated Petitioner's access to "a fair and just proceeding;" and (7) Petitioner's conditions of confinement while at the Jail, including the risk of contracting COVID-19. [Doc. 1 at 6-7; Doc. 4]. In his petition, Petitioner seeks immediate release, dismissal of the federal charges, expungement of the records in the criminal case, that "charges be brought against the wrong doers," and that "all evidence … be returned upon [Petitioner's] release of custody." [Doc. 1 at 7; Doc. 4 at 4].

In the subject criminal proceeding, on March 18, 2020, Petitioner was charged in a Bill of Information with one count of drug trafficking conspiracy involving 500 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846 (Count One) and one count of possession with intent to distribute 50 grams or more of methamphetamine in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B) (Count Two). [CR Doc. 19: Bill of Information]. On April 21, 2020, Petitioner pleaded guilty to these charges pursuant to a written plea agreement in exchange for certain charging concessions. [CR Doc. 21: Plea Agreement; CR Doc. 24: Acceptance and Entry of Guilty Plea]. After numerous inquiries into the status of counsel and with Petitioner proceeding pro se with stand-by counsel, Petitioner was sentenced on March 1, 2022 by this Court. [CR Doc. 62: Judgment]. The Court sentenced Petitioner to concurrent terms of imprisonment of 144 months on each count. [Id. at 2]. Judgment on Petitioner's conviction was entered on March 8, 2022 and Petitioner was remanded to federal custody. [Id.].

Because Petitioner has pleaded guilty to the subject charges and has been remanded to federal custody, most of Petitioner's claims are moot. To the extent Petitioner's claims are not moot, they are not properly brought pursuant to § 2241 in any event. For instance, Petitioner's claim regarding denial of a medically necessary diet arises, if at all, under 42 U.S.C. § 1983.

Because Petitioner's claims are moot or not properly brought pursuant to § 2241 in the first place, the Court will deny and dismiss Petitioner's petition without prejudice. Petitioner may bring his claim regarding the denial of a mechanical diet pursuant to 42 U.S.C. § 1983, if at all.

Because Petitioner has shown that he does not have sufficient funds to pay the filing fee [see Doc. 3], the Court will grant Plaintiff's motion to proceed in forma pauperis for the purpose of this initial review only. Plaintiff also moves for recusal of the undersigned. Plaintiff claims that the undersigned "is bias and prejudice and will not give [Petitioner] a fair hearing like he is not in matter 3:20-cR-105-FDW." [Doc. 5 (errors uncorrected)]. Petitioner also claims that "[the undersigned] and the Officers of the Court have teamed up against [Petitioner] making it a[n] unfair hearing…." [Id.]. Plaintiff has not presented grounds for recusal of the undersigned. Plaintiff's unsupported suppositions regarding the undersigned's ability and duty to be a fair and impartial jurist under the circumstances are not adequate grounds for recusal. The Plaintiff's motion will be denied.

**IT IS THEREFORE ORDERED** that:

1. Petitioner's Pro Se Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 [Doc. 1] is **DENIED** and **DISMISSED without prejudice** in accordance with the terms of this Order.

2. Petitioner's motion [Doc. 3] is **GRANTED** in accordance with this Order.

3. Petitioner's motion [Doc. 5] is **DENIED**.

4. The Clerk is instructed to terminate these proceedings.

Signed: March 10, 2022

Frank D. Whitney
United States District Judge